**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MAXUM CASUALTY INSURANCE COMPANY, <br>               Plaintiff, <br>     v. <br><br> HOME ACCESS HEALTH CORPORATION n/k/a TESTING KIT SALES CORP a/k/a TEST KIT SALE CORPORATION; and NANCY PARRA. <br>               Defendants. | ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, Maxum Casualty Insurance Company ("Maxum"), by its attorneys, Michael J. Duffy, Ashley L. Conaghan, and Alexandrea Y. Diaz, of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against Defendants, Home Access Health Corporation n/k/a Testing Kit Sales Corp a/k/a Test Kit Sale Corporation ("HAHC") and Nancy Parra, states as follows:

**STATEMENT OF THE CASE**

1. This action seeks a declaration that Maxum owes no insurance coverage obligations to HAHC in connection with the certain Charges of Discrimination filed by Parra against HAHC with the U.S. Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR") ("Charges") on April 29, 2021 and any lawsuit that may arise therefrom against HAHC. A copy of the Charges are attached hereto as Exhibit A.

**PARTIES**

2. Plaintiff Maxum is an insurance company formed under the laws of the State of Connecticut with its principal place of business in Connecticut. Maxum conducts business in Illinois and within the geographical boundaries of this District.

3. Defendant HAHC is an Illinois corporation with its principal place of business in Illinois and within the geographical boundaries of this District.

4. Defendant Parra is an Illinois citizen and is joined as a defendant solely as an interested party to be bound by the judgment herein.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the parties are citizens of different states.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391 as the case concerns insurance coverage under a policy issued within the geographical boundaries of this District and the Parties reside and/or conduct business in this District.

## COUNT I

7. Maxum incorporates and restates the allegations of Paragraphs 1 through 6 above as if fully set forth herein.

8. On April 29, 2021, Parra filed the Charges alleging disability discrimination and retaliation in her employment. Specifically, Parra alleges that she experienced disparate treatment from her non-disabled colleague after she notified HAHC about her disability and her leave request under the Family and Medical Leave Act. Parra further alleges that she was denied accommodations and work privileges that other non-disabled colleagues received. Moreover, Parra claims that she was replaced with two non-disabled individuals. See Exhibit A.

9. Maxum issued a Management Liability Insurance Policy No. MLA-6033562-03 ("the Policy") to HAHC effective for the Policy Period of September 13, 2020 to September 13, 2021 ("the Policy Period"). Subject to all its terms, this claims made and reported policy has a

Directors, Officers and Corporate Liability Coverage Part with a Limit of Liability of $1,000,000 in the aggregate per Policy Period subject to a Deductible of $25,000 per Claim. Per the Declarations, Employment Practices Liability Coverage and Fiduciary Liability Insurance Coverage were not purchased by HAHC. A copy of the Policy is attached as Exhibit B.

10. Subject to all of its terms, the D&O Coverage of the Policy provides, in part, as follows:

\* \* \*

    **C.**     **Corporate Insurance**

> This "Policy" shall pay on behalf of the "Insured Entity" all "Loss" arising from any "Claim" first made against the "Insured Entity" during the "Policy Period" and reported to the "Insurer" in writing during the "Policy Period" or within 90 days thereafter, for any actual or alleged "Wrongful Act".

\* \* \*

*See*, Exhibit B.

11. Section III of the D&O Coverage Part of the Policy contains the following definitions:

\* \* \*

    A.     "Claim" means:

        1. a written demand for monetary or non-monetary relief, or

        2. a civil, criminal, administrative or arbitration proceeding, or

        3. any proceeding brought or initiated by or before a federal, state or local government agency, or

        4. a formal civil, criminal, administrative or regulatory investigation of an "Insured Person" but only after such "Insured Person" is identified in writing by the investigating authority as a person against whom such proceeding described above may be commenced,

      5.    a written request made by a claimant to the "Named Insured" to toll or waive the statute of limitations for any "Wrongful Act", or

      6.    the service of a subpoena, provided, however, the term "Claim" shall not include any grievance or arbitration subject to a collective bargaining agreement with respect to Insuring Agreement I. C. of this "Coverage Section". A "Claim" shall be deemed to have been first made at the time notice of the "Claim" is first received by any "Insured".

\* \* \*

H.    "Wrongful Act" means:

      1.    with respect to the "Insured Persons", any actual or alleged breach of duty, neglect, error, misstatement, misleading statement, omission or act by the "Insured Persons" in their respective capacities as such, or any matter claimed against them by reason of their status as "Insured Persons", or any matter claimed against them arising out of their serving as a director, officer, trustee or governor of an "Outside Entity" in such capacities, but only if such service is at the specific request or direction of the "Insured Entity", or

      2.    with respect to an "Insured Entity", any actual or alleged breach of duty, neglect, error, misstatement, misleading statement, omission or act by the "Insured Entity"

\* \* \*

*See*, Exhibit B.

12.    The Maxum Policy contains an Employment Liability exclusion which states:

[Maxum] shall not be liable to make any payment for "Loss" in connection with a "Claim" made against any "Insured"… based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any past, present or future actual or potential employment relationship.

*See*, Exhibit B.

13. The Charges themselves and any related lawsuit that may arise therefrom, are based upon, arise out of, directly or indirectly, Parra's employment relationship.

14. Accordingly, no coverage exists under the Policy for the Charges or any lawsuit that may arise therefrom.

15. HAHC tendered the Charges for defense and coverage under the Policy and Maxum disclaims any obligations to defend or indemnify HAHC under the Policy.

16. An actual and justiciable controversy exists between Maxum, on the one hand, and HAHC, on the other hand, as to the availability of insurance coverage for it with respect to the Charges and any related lawsuit arising therefrom, and, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

WHEREFORE, Plaintiff, Maxum Casualty Insurance Company, prays that this Court enter the following relief:

A. A declaration finding Maxum owes no duty to defend or indemnify against the Charges and any lawsuit arising therefrom; and

B. For all such just and equitable relief, including costs of this suit.

Respectfully Submitted,

By: /s/ Michael J. Duffy
One of the Attorneys for Maxum Casualty Insurance Company

Michael J. Duffy (6196669) - michael.duffy@wilsonelser.com
Ashley L. Conaghan (6303052) - ashley.conaghan@wilsonelser.com
Alexandrea Y. Diaz (6335785) - alexandrea.diaz@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550